IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| MICHAEL A. MILLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:11CV217RL-APR |
| | ) | |
| ST. JOSEPH COUNTY, ST. JOSEPH | ) | |
| COUNTY SHERIFF MICHAEL | ) | |
| GREZGOREK, in his official and | ) | |
| Individual capacity, ST. JOSEPH COUNTY | ) | |
| POLICE DEPARTMENT, THE ST. | ) | |
| JOSEPH COUNTY SHERIFF'S MERIT | ) | |
| BOARD, TERRY O'CONNOR, PHYLLIS | ) | |
| FIELDS, WILLIAM THOMPSON, JON | ) | |
| HALEY, JOSEPH ZAPPIA, in their | ) | |
| Official and individual capacity; TIM | ) | |
| DECKER, RANDY KAPS, REGIS | ) | |
| THIMONS and ROBERT BOITS, in their | ) | |
| Official and individual capacity, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION AND ORDER

This matter is before the court on the Motion to Compel Disclosure [DE 21] filed by the plaintiff, Michael A. Miller, on April 25, 2013. For the following reasons, the motion is **DENIED**.

*Background*

The plaintiff, Michael Miller, complains that he was a victim of discrimination and retaliation based on his race and political affiliation. He alleges that he was not selected by the Sheriff of St. Joseph County to fill the positions of assistant chief of police and warden of the jail and that he was demoted to the evidence room for these reasons. He further states that the

1

defendants have relied on temporary assignments in rank to avoid promoting African-Americans through the merit process. To date, Miller has served 200 requests for production. The defendants have taken issue with 24 of his requests, and Miller now moves to compel production. Of particular relevance, Miller has requested numerous documents related to the merit selection process of African Americans and Caucasians between 1997 and 2012. Despite their objection to the relevance and the volume of the request, the defendants have turned over all the documents related to the merit selection process, including merit board meeting minutes and employee files.

*Discussion*

A party may "obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things." **Federal Rule of Civil Procedure 26(b)(1)**. For discovery purposes, relevancy is construed broadly to encompass "any matter that bears on, or that reasonably could lead to other matter[s] that could bear on, any issue that is or may be in the case." *Chavez v. DaimlerChrysler Corp.*, 206 F.R.D. 615, 619 (S.D. Ind. 2002)(quoting *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340, 351, 98 S. Ct. 2380, 2389, 57 L.Ed.2d 253 (1978)). Even when information is not directly related to the claims or defenses identified in the pleadings, the information still may be relevant to the broader subject matter at hand and meet the rule's good cause standard. ***Borom v. Town of Merrillville***, 2009 WL 1617085, *1 (N.D. Ind. June 8, 2009) (citing ***Sanyo Laser Prods., Inc. v. Arista Records, Inc.***, 214 F.R.D. 496, 502 (S.D. Ind. 2003)); *see also **Adams v. Target**,* 2001 WL 987853, *1 (S.D. Ind. July 30, 2001)("For good cause, the court may order discovery of any matter relevant to the

subject matter involved in the action."); ***Shapo v. Engle***, 2001 WL 629303, *2 (N.D. Ill. May 25, 2001)("Discovery is a search for the truth.").

A party may seek an order to compel discovery when an opposing party fails to respond to discovery requests or has provided evasive or incomplete responses. **Federal Rule of Civil Procedure 37(a)(2)-(3)**. The burden "rests upon the objecting party to show why a particular discovery request is improper." ***Gregg v. Local 305 Ibew***, 2009 WL 1325103, *8 (N.D. Ind. May 13, 2009)(citing ***Kodish v. Oakbrook Terrace Fire Protection Dist.***, 235 F.R.D. 447, 449-50 (N.D. Ill. 2006)); ***McGrath v. Everest Nat. Ins. Co.***, 2009 WL 1325405, *3 (N.D. Ind. May 13, 2009)(internal citations omitted); ***Carlson Restaurants Worldwide, Inc. v. Hammond Professional Cleaning Services***, 2009 WL 692224, *5 (N.D. Ind. March 12, 2009)(internal citations omitted). The objecting party must show with specificity that the request is improper. ***Cunningham v. Smithkline Beecham***, 255 F.R.D. 474, 478 (N.D. Ind. 2009)(citing ***Graham v. Casey's General Stores***, 206 F.R.D. 253, 254 (S.D. Ind. 2002)). That burden cannot be met by "a reflexive invocation of the same baseless, often abused litany that the requested discovery is vague, ambiguous, overly broad, unduly burdensome or that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence." ***Cunningham***, 255 F.R.D. at 478 (citing ***Burkybile v. Mitsubishi Motors Corp.***, 2006 WL 2325506, *6 (N.D. Ill. Aug. 2, 2006))(internal quotations and citations omitted). Rather, the court, under its broad discretion, considers "the totality of the circumstances, weighing the value of material sought against the burden of providing it, and taking into account society's interest in furthering the truth-seeking function in the particular case before the court." ***Berning v. UAW Local 2209***, 242 F.R.D. 510, 512 (N.D. Ind. 2007)(examining ***Patterson v. Avery Dennison Corp.***, 281 F.3d 676, 681 (7th

3

Cir. 2002))(internal quotations and citations omitted).  *See also,* **Hunt v. DaVita, Inc**., 680 F.3d 775, 780 (7th Cir. 2012)(explaining that the district court has broad discretion in supervising discovery).

Miller first asks the court to compel production of documents pertaining to vacancies in the ranks of Sergeant, Lieutenant, Captain, Commander, Assistant Chief, and Chief during the periods of 2000 to 2012.  The defendants objected, stating that the information was privileged and voluminous.  The defendants explain that the documents requested contain test scores, which are excepted from disclosure under Indiana Code § 5-14-3-4(b)(3)-(4).  However, without waiving the objections, the defendants agreed to make these documents available for inspection by the plaintiff's attorney.  Miller responds that the defendants' response is disingenuous because the document request was unrelated to test scores, the defendants did not mention this as a ground for failing to produce the documents in their response to Miller's request for production, and the defendants did not produce a privilege log.

A party may respond to a document request by making the documents available for inspection.  **Federal Rule of Civil Procedure 34(d)**.  Miller did not respond to the defendants' offer to make the documents available.  Therefore, it is not clear why the defendants' offer is unacceptable to Miller.  Because the defendants have made this offer as permitted under Rule 34, Miller's motion is **DENIED** with respect to Request No. 8.  Miller may inspect the defendants' documents.  If the defendants do not make all documents available because they believe some documents are privileged, the defendants must provide Miller with a privilege log.  *See* **Miller v. City of Plymouth**, 2011 WL 1740154, *4 (N.D.Ind. May 5, 2011) ("A timely and adequate privilege log is required by the federal rules, and the failure to serve an adequate and timely

4

privilege log may result in a waiver of any protection from discovery.") (citing ***Babych v. Psychiatric Solutions, Inc.***, 271 F.R.D. 603, 608 (N.D.Ill. 2010) ("[F]ailure to serve an adequate privilege log may result in a waiver of any protection from discovery.")).

Miller also sought production of numerous documents that the defendants state do not exist. Specifically, in his eighth request for production, request number 11 sought a complaint filed by Herman Miller with the St. Joseph County Police against Regis Thimons during the period of 1995 through 1997. The defendants state that they do not have records of a complaint filed more than 20 years ago. In request number 14 of Miller's ninth request for production, Miller sought policies that authorized superior officers to secretly tape record meetings. The defendants stated that no policies exist that either allow or prohibit recordings of meetings. In his eleventh request for production, Miller asked for any agreement he entered to accept assignment to the evidence and property room. The defendants responded that they previously produced a tape recording where Miller agreed to remain in the evidence room, but that no other document or thing showing the existence of the agreement exists. Miller also sought meeting minutes from dates when there were no meetings held. The defendants offered to make the meeting minutes available from other meetings held close in time. Finally, Miller asked for documents pertaining to proposed changes in policies and rules regarding the temporary appointment of merit officers in the St. Joseph County Police Department. The defendants responded that there are no such documents and that temporary appointments occur pursuant to statute, specifically Indiana Code § 36-8-10-10.

"A party need not produce documents or tangible things that are not in existence or within its control. It is sufficient that the discovered party respond by saying that a document or

tangible thing is not in existence." ***Hagemeyer N. Am., Inc. v. Gateway Data Scis. Corp.***, 222 F.R.D. 594, 598 (E.D.Wis. 2004) (citations omitted). When a party denies "that it has possession, custody or control of documents, the requesting party must make an adequate showing to overcome this assertion." ***Hagemeyer***, 222 F.R.D. at 598.

The defendants have denied that they possess documents that respond to the above stated document requests. Miller has not demonstrated that these documents exist, and he abandoned many of these arguments in his reply brief. Therefore, Miller's motion is **DENIED** with respect to these requests. The defendants must, however, turnover the meeting minutes from the dates closest to those requested by Miller.

Similarly, Miller asked the defendants for the job description of Bambi Kanouse during the period of 2000 to 2012. The defendants gave Miller a CD containing the information. Miller represents that he was unable to open the CD. The defendants responded that they would have re-produced the information if Miller would have notified them of the problem before he filed his motion to compel. If Miller would have met and conferred with opposing counsel as required by Rule 37 and the Northern District of Indiana Local Rule 37.1, this request could have been avoided. The defendants must provide this information in an accessible format.

Both parties mention request 41 of Miller's eight request for production, but they agree that Miller withdrew it. Therefore, the court need not address this request for production.

Miller asked the defendants to produce all documents related to the temporary appointment of merit officers from 1997 to 2012; the setting of a schedule for annual promotion from 1997 through 2012; the approval of the design and administrations of examinations for promotion from 1997-2012; the administration of written promotional exams; the establishment

and utilization of eligibility pool/lists used to fill vacations from 1997-2012; the temporary appointments to positions and rank made by the St. Joseph County Sheriffs from 1997-2012; the promotion of African-American Merit Officers; the promotion of Caucasian Merit Officers; the temporary appointment of Caucasian Merit Officers; African-American Merit Officers who were temporarily appointed to a higher rank and returned to their prior rank between 1997-2012; the identity of African-American Merit Officers who were promoted to higher rank between 2010-2013; and the identity of African-American Merit Officers temporarily appointed to higher rank by Sheriff Grezgorek from 2010-2013.

In response to each of these requests, the defendants referred Miller to the Merit Board Minutes and employee files previously produced. Miller argues that the defendants should have identified specific documents that respond to each question and that the defendants failed to show that the burden would be just as onerous on them as it would be on Miller.

Federal Rule of Civil Procedure 34(b) requires a party to produce documents for inspection in the manner they are kept in the usual course of business or to organize and label the documents to correspond to the categories of the request. The defendants argue that they have complied with the requirements of Rule 34(b) because they provided the documents in the manner they were kept in the ordinary course of business. The defendants state that they did not have a database to track the information requested and that it would be just as burdensome on the defendants to go through the meeting minutes and personnel files to find the relevant information as it would be for Miller.

The burden placed upon each party does not appear to be the decisive factor in determining whether the defendants provided the necessary information. Federal Rule of Civil

7

Procedure 33, which deals with interrogatories, states that "if the burden of deriving or ascertaining the answer will be substantially the same for either party, the responding party may answer by: (1) specifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could". However, the Federal Rules do not impose the same burden on the non-moving party with regard to requests for production. A response to a request for production is sufficient as long as the documents are produced as they are kept in the ordinary course of business or labeled to correspond to each request. **Rule 34.**

There is no dispute that the defendants produced the documents in the manner in which they were kept in the ordinary course of business. Nor does the record suggest that the corresponding documents were hidden among a myriad of irrelevant documents. *See **American International Specialty Lines Insurance Company v. NWI-I, Inc***., 240 F.R.D. 401, 410 (N.D. Ill. 2007) (finding that documents were not kept in ordinary course of business because they were taken out of storage, mislabeled, and the relevant documents were kept among a myriad of irrelevant documents). Rather, Miller seemingly requested information relevant to every merit board selection within a given time period, and consequently, was given a large number of documents to sort through. These documents contain all the information relevant to his requests, and Miller will need to sort through all of these documents regardless of whether the defendants organize them to correspond to his document requests. Although Miller would prefer that the defendants label the specific documents that correspond to each document request, the defendants were not required to do so. Miller has not demonstrated that the defendants owed anymore detail than what they provided.

Based on the foregoing reasons, the Motion to Compel Disclosure [DE 21] is **DENIED.**

ENTERED this 7th day of October, 2013

/s/ Andrew P. Rodovich
United States Magistrate Judge